**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**LAWRENCE EDWARD MARTIN**                                              **PETITIONER**
**ADC #106491**

v.                    **CASE NO.: 5:10CV00016 BD**

**RAY HOBBS, Interim Director,**[1]
**Arkansas Department of Correction**                                        **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Pending is Respondent's Motion to Dismiss (docket entry #9). Petitioner has responded (#11). For the following reasons, Respondent's motion (#9) is GRANTED, and this 28 U.S.C. § 2254 petition for writ of habeas corpus (#2) is DISMISSED, without prejudice.

**I.    Background**

On June 21, 1995, a Pulaski County Circuit Court jury found Petitioner guilty of capital murder. He was sentenced to life imprisonment without parole. Petitioner appealed, and the Supreme Court of Arkansas affirmed his conviction on May 5, 1997. *Martin v. State*, 328 Ark. 420, 944 S.W.2d 512 (1997).

On September 27, 2001, Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the United States District Court, Eastern District of Arkansas. *Martin v.*

---

[1] In the Petition (#2), Petitioner names Larry Norris as Respondent. Under Rule 2 of the Rules Governing § 2254 Cases in United States District Courts, the proper Respondent is the state officer who has custody of Petitioner. That officer is currently Ray Hobbs, Interim Director of the Arkansas Department of Correction. Accordingly, the Clerk is instructed to substitute Mr. Hobbs as the Respondent.

*Norris*, 5:01CV00331 (E.D.Ark. dismissed Nov. 14, 2003). The Court dismissed the petition with prejudice and Petitioner appealed. On March 17, 2004, the Eighth Circuit Court of Appeals denied Petitioner's application for certificate of appealability and dismissed the appeal. *Martin v. Norris*, No. 04-1023 (8th Cir. dismissed March 17, 2004). On October 4, 2004, the Supreme Court of the United States denied Petitioner's request for a writ of certiorari. *Martin v. Norris*, 543 U.S. 843, 125 S.Ct. 283 (2004). Petitioner filed the pending petition on January 20, 2010 (#2).

## II.  Discussion

A person in custody under the judgment of a State court may challenge the judgment in federal district court through a petition for writ of habeas corpus. 28 U.S.C. § 2254(a). Before filing a second or successive petition, however, the person is required to move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(3)(A).

A petition is successive if Petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 796 (2007) (per curiam). Petitioner's current petition raises different claims from his previous petition, but challenges the same custody imposed by the same judgment as in his previous petition. Thus, the current petition is successive.

This Court lacks jurisdiction to hear a second or successive petition without prior authorization from the court of appeals. *Id*. It is apparent from the record that Petitioner

*Norris*, 5:01CV00331 (E.D.Ark. dismissed Nov. 14, 2003). The Court dismissed the petition with prejudice and Petitioner appealed. On March 17, 2004, the Eighth Circuit Court of Appeals denied Petitioner's application for certificate of appealability and dismissed the appeal. *Martin v. Norris*, No. 04-1023 (8th Cir. dismissed March 17, 2004). On October 4, 2004, the Supreme Court of the United States denied Petitioner's request for a writ of certiorari. *Martin v. Norris*, 543 U.S. 843, 125 S.Ct. 283 (2004). Petitioner filed the pending petition on January 20, 2010 (#2).

## II.  Discussion

A person in custody under the judgment of a State court may challenge the judgment in federal district court through a petition for writ of habeas corpus. 28 U.S.C. § 2254(a). Before filing a second or successive petition, however, the person is required to move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(3)(A).

A petition is successive if Petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 796 (2007) (per curiam). Petitioner's current petition raises different claims from his previous petition, but challenges the same custody imposed by the same judgment as in his previous petition. Thus, the current petition is successive.

This Court lacks jurisdiction to hear a second or successive petition without prior authorization from the court of appeals. *Id*. It is apparent from the record that Petitioner

*Norris*, 5:01CV00331 (E.D.Ark. dismissed Nov. 14, 2003). The Court dismissed the petition with prejudice and Petitioner appealed. On March 17, 2004, the Eighth Circuit Court of Appeals denied Petitioner's application for certificate of appealability and dismissed the appeal. *Martin v. Norris*, No. 04-1023 (8th Cir. dismissed March 17, 2004). On October 4, 2004, the Supreme Court of the United States denied Petitioner's request for a writ of certiorari. *Martin v. Norris*, 543 U.S. 843, 125 S.Ct. 283 (2004). Petitioner filed the pending petition on January 20, 2010 (#2).

## II.  Discussion

A person in custody under the judgment of a State court may challenge the judgment in federal district court through a petition for writ of habeas corpus. 28 U.S.C. § 2254(a). Before filing a second or successive petition, however, the person is required to move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(3)(A).

A petition is successive if Petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 796 (2007) (per curiam). Petitioner's current petition raises different claims from his previous petition, but challenges the same custody imposed by the same judgment as in his previous petition. Thus, the current petition is successive.

This Court lacks jurisdiction to hear a second or successive petition without prior authorization from the court of appeals. *Id*. It is apparent from the record that Petitioner

has not received the required authorization. Under these circumstances, the Court must grant Respondent's motion and dismiss the petition without prejudice.

## III. <u>Conclusion</u>

This Court lacks jurisdiction to entertain Petitioner's second or successive petition. Accordingly, Respondent's motion (#9) is GRANTED and this petition for writ of habeas corpus (#2) is DISMISSED without prejudice.

IT IS SO ORDERED this 23rd day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE